IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Equinor Energy L.P. f/k/a and a/k/a Brigham Oil & Gas L.P. and Statoil Oil & Gas L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> Sunny Acres, LLC and Larry Novak, <br><br> Defendant. | **ORDER DENYING MOTION TO DISMISS** <br><br><br><br> Case No. 1:21-cv-082 |

Before the Court is the Defendant Larry Novak's motion to dismiss filed on June 4, 2021. See Doc. No. 9. The Plaintiffs filed a response in opposition to the motion on June 25, 2021. See Doc. No. 12. For the reasons below, the motion is denied.

I.   **BACKGROUND**

Equinor Energy LP ("Equinor") is a Delaware Limited Partnership with its principal place of business in Austin, Texas. Equinor was formerly known as Brigham Oil & Gas L.P. Based on the citizenship of its members, Equinor is a citizen of Delaware, Nevada, and Texas.

Sunny Acres LLC ("Sunny Acres") is a North Dakota limited liability company with its principal place of business in Alexander, North Dakota. Larry Novak is a citizen and resident of North Dakota and the president of Sunny Acres.

On March 3, 2012, Novak, on behalf of Sunny Acres, signed a participation agreement with Brigham Oil & Gas L.P. indicating Sunny Acres agreed to participate in the drilling and completion of the Greenstein 30-31 #1H well. Sunny Acres was the owner of oil and gas leases and a working

interest in the area underlying the Greenstein 30-31 #1H well. Brigham/Equinor was to be the driller and operator of the Greenstein 30-31 #1H well. By agreeing to participate in the well, Sunny Acres agreed to pay a reasonable and proportionate share of the drilling costs. Equinor contends Sunny Acres failed to pay its proportionate share of the costs.

On April 4, 2021, Equinor brought this action against Sunny Acres for breach of contract and named Novak as a Defendant in an attempt to pierce the corporate veil and impose liability on Novak personally. Equinor alleges Sunny Acres and Novak are not actually separate entities and allowing the illusion to persist would work an injustice. Equinor seeks to pierce the corporate veil and impose joint and several liability on Sunny Acres and Novak. To this end, Equinor alleges that "upon information and belief, the requisite corporate formalities were not consistently and properly observed" and Sunny Acres "was a mere device, sham, or alter ego used to disguise wrongs or avoid legal obligations." See Doc. No. 1, ¶ 14.

## II.     STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint does not need to contain detailed factual allegations, but it must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief. Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

### III.     LEGAL DISCUSSION

Novak contends in his motion that Equinor has failed to properly plead piercing the corporate veil. Specifically, Novak contends Equinor has failed to articulate any supporting facts and that in light of *Iqbal* and *Twombly,* the claim against Novak for piercing the corporate veil should be dismissed. Equinor contends it has alleged all necessary facts to support a claim to pierce the corporate veil. In addition, Equinor contends the documents and information which would further support the claim are in Novak's possession and piercing the corporate veil is best considered an equitable remedy rather than an independent claim.

"Whether to pierce a corporate veil is a legal determination that is governed by state law." Depositors Ins. Co. v. Hall's Rest., Inc., 717 F. App'x 653 (8th Cir. 2018). In this diversity action the Court will apply the law of the forum state. In North Dakota, limited liability companies, like corporations, enjoy limited liability such that a member or owner of a limited liability company generally is not liable for company debts. Bakke v. D & A Landscaping Co., LLC, 820 N.W.2d 357, 360 (N.D. 2012). However, a member or owner of a limited liability company will be personally

responsible if the conditions and circumstances which would permit a corporation's corporate veil to be pierced are present. Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC, 883 N.W.2d 917, 926 (N.D. 2016). A request to pierce the corporate veil is simply a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself. Id. The factors to be considered in determining whether to pierce the corporate veil are as follows:

> (1) insufficient capitalization for the purposes of the corporate undertaking;
> (2) failure to observe corporate formalities;
> (3) nonpayment of dividends;
> (4) insolvency of the debtor corporation at the time of the transaction in question;
> (5) siphoning of funds by the dominant shareholder;
> (6) nonfunctioning of other officers and directors;
> (7) absence of corporate records; and
> (8) the existence of the corporation as merely a facade for individual dealings.

Id. at 926-27. "An element of injustice, inequity or fundamental unfairness must be present before a court may properly pierce the corporate veil." Id. at 927. Not all the factors need be demonstrated in order to pierce the corporate veil. Id.

This Court, like other district courts in the Eighth Circuit, is reluctant to dismiss an attempt to pierce the corporate veil in the early stages of a case on a motion to dismiss. See Foreman Elec. Servs., Inc. v. Haliron Power, LLC, No. 4:19-CV-4157, 2022 WL 55015, at *3 (W.D. Ark. Jan. 5, 2022) (noting the court was hesitant to dismiss actions that attempt to pierce the corporate veil on a motion to dismiss); Container Life Cycle Mgmt. LLC v. Safety Mgmt. Servs. Co., No. 6:20-CV-06001, 2020 WL 2843224, at *6 (W.D. Ark. June 1, 2020) (noting veil piercing is a factually intensive inquiry and acknowledging the possibility of prematurely deciding this issue on a motion to dismiss); Ward v. Shad, No. 18-CV-01933, 2019 WL 1084219, at *5 (D. Minn. Mar. 7, 2019) (noting that providing notice of the intent to pierce the corporate veil was sufficient to withstand a motion to dismiss). The Court finds Equinor's allegations, although minimal, are

sufficient at this stage of the proceedings under Rule 8, *Twombly*, and *Iqbal*. Equinor alleges Novak failed to consistently and properly maintain corporate formalities and that Sunny Acres was a mere deice, sham, and alter ego used to disguise wrongs and avoid legal obligations - namely the failure to pay invoices. Equinor further alleges the failure to pierce the corporate veil would work an injustice. These allegations are sufficient to put Novak on notice as to Equinor's intent to pierce the corporate veil. It is important to remember that under North Dakota law the intent to pierce the corporate veil is not a distinct claim for relief but rather a means of imposing liability. <u>Monster Heavy Haulers</u>, 883 N.W.2d at 926. Discovery will reveal evidence as to the relationship between Novak and Sunny Acres and the ultimate burden remains on the Plaintiff. Dismissal at this stage of the proceedings is unwarranted.

IV.  **CONCLUSION**

Accordingly, and for the reasons set forth above, the Defendant Larry Novak's motion to dismiss (Doc. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2022.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court